ANDERSON ET AL. v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY.

1. **Railroads**: LOSS OF BAGGAGE: JOINT OWNERSHIP: RECOVERY. Plaintiffs were the joint owners of a chest, but owners in severalty of the articles therein contained. They shipped it as baggage on defendant's road, and a check was issued to them jointly therefor. The chest and contents were lost, and plaintiffs brought their joint action to recover therefor. *Held* that, by issuing the check to plaintiffs jointly, the company entered into a joint contract with them, and that it could not insist that the contract should be severed, and separate actions brought thereon, to correspond with the ownership of the property. See Code, § 2544.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, DECEMBER 3.

THIS is an action at law by which the plaintiffs seek to recover of the defendant the value of certain baggage alleged to have been lost by the defendant in June, 1881. There was a trial by jury, and a verdict and judgment for the plaintiff for $85. Defendant appeals.

*Trimble, Carruthers & Trimble*, for appellant.

*John B. Ennis*, for appellees.

ROTHROCK, CH. J.—I. It appears from the evidence that the plaintiffs are natives of Sweden; that they came from that country to the United States at the same time, and as traveling companions. Before leaving Sweden, they procured a large chest, made of boards, for their joint use, in which they placed their wearing apparel. They purchased through tickets from some point in Sweden to Ottumwa, Iowa, by way of Montreal, Detroit, and Toledo, Ohio. The chest was not checked through to the point of plaintiffs' destination, but it was rechecked at Detroit, and also at Toledo. It did not arrive at Ottumwa, but another piece of baggage

arrived there with a check upon it, corresponding with the check delivered to the plaintiffs at Toledo. Charles Anderson, one of the plaintiffs, testified to the contents of the chest, and to the value thereof. He described several articles of clothing as belonging to him, and several other articles as belonging to his co-plaintiff. He designated the plaintiff, A. Anderson, as his partner. No objection was made to this evidence, but the defendant asked the court to instruct the jury that the plaintiffs were not entitled to recover for any of the property not jointly owned by them, and that, as the evidence showed that some articles were owned by the plaintiffs in severalty, no recovery could be had therefor. The court refused to give this instruction, upon the ground that the objection came too late—the evidence of ownership having been admitted without objection, and no motion having been made to sever the causes of action.

This ruling of the court is, as it appears to us, the principal question in the case, and our examination of the record has led us to the conclusion that the court was correct in refusing to give the instruction. The plaintiffs were the joint owners of the chest, and the check was issued to them jointly, and a check for baggage answers the purpose of a bill of lading. It is the evidence of the contract between the carrier and the traveler for the transportation of his baggage, and this suit was brought on that contract. It is not disputed that a joint recovery may be had for the chest, because it appears that it was the joint property of the plaintiffs, and the check was issued to the plaintiffs jointly, not only for the safe carriage and delivery of the chest, but for the contents as well; and the fact that as between the plaintiffs the contents were in part owned by one, and in part by the other, cannot affect the joint contract made by the defendant. It entered into a joint contract, and it cannot be allowed to insist that the contract shall be severed, and separate actions brought thereon. If the theory of the defendant be correct, the plaintiffs must be required to institute three

actions; one by both of them for the loss of the chest, and one by each of them for the loss of his own clothing. The law requires no such multiplicity of actions upon such a contract as this. We think the objection of the defendant should have been overruled, if made at the time the evidence was introduced; and it will be remembered that we place our ruling upon the ground that the defendant contracted with both the plaintiffs jointly, for the benefit of each, that it would carry the chest and contents and deliver it to them at Ottumwa; and we think the rule we announce is within section 2544 of the Code.

II. It is insisted that the evidence does not show that the chest came into the possession of the defendant at Toledo. It appears that, when the plaintiffs arrived at Toledo, they exchanged the check they then had for another, and left the agents of the defendant to place the duplicate, or the check corresponding with that delivered to the plaintiffs, upon the chest. The baggage must have arrived at Toledo, because one of the plaintiffs assisted in loading it on the train at Detroit, where it was checked for Toledo. But it is useless to discuss the evidence upon this point. It is enough to say that there is no such failure of proof as to authorize us to interfere with the verdict.

There are other questions of minor importance, pertaining to the rulings of the court upon the admission and exclusion of evidence, which we do not deem it necessary to refer to in detail. None of them appear to be well taken, and the disposition which we make of the case renders it unnecessary to pass upon the motion of appellees to dismiss the appeal as to one of the plaintiffs.

AFFIRMED.

REED, J., *dissenting*.